```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

LEON A. BROWN,                          :
              Plaintiff,                :
                                        :
    v.                                  :    File No. 1:01-CV-318
                                        :
CITY OF SOUTH BURLINGTON and            :
CHARLES HAFTER, Individually            :
and as City Manager, City of            :
South Burlington, and MICHAEL           :
O'NEIL, Individually and as             :
Chief Engineer, City of South           :
Burlington,                             :
              Defendants.               :
_____:
```

## OPINION AND ORDER
(Paper 23, 25, 27, 29, 55 & 79)

Plaintiff Leon A. Brown filed this action against the City of South Burlington, Charles Hafter in both his individual capacity and as the City Manager of South Burlington, and Michael O'Neil in both his individual capacity and as the Chief Engineer of the City of South Burlington Fire Department. Brown asserts claims under 31 U.S.C. § 3370(h), alleging wrongful discharge under the whistleblower portion of the False Claims Act ("FCA"), and 42 U.S.C. § 1983, alleging wrongful discharge in retaliation for his exercise of his First Amendment rights to freedom of speech. He also joins a state law claim alleging wrongful termination in violation of Vermont public policy.

The Second Circuit vacated and remanded this Court's ruling granting defendants' motion for summary judgment as to

release of all claims.  This Court now reconsiders this motion and the remaining issues considered in the Magistrate Judge's Report and Recommendation ("R&R") dated April 7, 2003 (Paper 55).

For the reasons set forth herein, defendants' motion for summary judgment as to release of all claims (Paper 27) is DENIED; the Magistrate Judge's Report and Recommendation (Paper 55) is AFFIRMED, APPROVED and ADOPTED in part and REJECTED in part; defendants Hafter and O'Neil's motion for summary judgment (Paper 25) is GRANTED in part and DENIED in part; defendants' motion for summary judgment as to all claims (Paper 23) is DENIED; plaintiff's motion for partial summary judgment (Paper 29) is DENIED; and plaintiff's motion for a hearing (Paper 79) is DENIED as moot.

## BACKGROUND

The Second Circuit's decision in <u>Brown v. South Burlington</u>, 393 F.3d 337 (2d Cir. 2004), sets forth all of the relevant facts, familiarity with which is assumed.  As the Second Circuit describes, this case arises out of an anonymous letter sent by the plaintiff, Leon A. Brown, to various government offices and media organizations.  In that letter, Brown accused defendant Michael O'Neil of submitting false claims to the Federal Emergency Management Agency ("FEMA") in order to obtain money.  The defendants initially

denied the allegations in the letter and commenced an investigation to identify the author of it.  Upon discovering that Brown had written the letter, he was given the option of resigning or being fired.  In a March 12, 1999 letter, Brown chose to resign and, in conjunction with his resignation, signed a form releasing defendants from all claims he might have against them in exchange for a payment of $7,964.70 ("the Release").  With the exception of two weeks severance pay of $1,178.72, all the items for which Brown was paid appear to be due to any employee of the City upon termination of employment.

   Subsequently, FEMA conducted its own investigation into Brown's allegations and determined that defendants had, in fact, submitted false reimbursement requests.  On October 27, 2000, pursuant to a stipulation between the parties, the City of South Burlington paid the United States $2,500 but did not admit to any wrongdoing.  Upon learning of the results of the FEMA investigation, Brown filed the present suit on October 15, 2001, asserting claims under the whistleblower portion of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), and for wrongful discharge in retaliation for his exercise of First Amendment rights of free speech, pursuant to 42 U.S.C. § 1983.

Defendants moved for summary judgment, and the motion was referred to Magistrate Judge Jerome J. Niedermeier for a report and recommendation, which was filed on April 7, 2003 (the "First R&R"). The Magistrate Judge recommended denial of defendants' summary judgment motion insofar as it pertained to the False Claims Act retaliation claim and the Vermont state law claim, and recommended this Court grant the remainder of defendants' summary judgment motion. This Court, in addressing only the issue of the Release, recommitted the matter to the Magistrate Judge to determine the validity of defendants' newly constituted defense that plaintiff ratified the Release by failing to tender back the consideration received for it.

On August 27, 2003, having considered the defense of ratification, the Magistrate Judge recommended summary judgment in favor of the defendants on the basis of the Release (the "Second R&R") (Paper 65). In the Second R&R, the Magistrate Judge found that because Brown did not offer to tender back the consideration until May 8, 2003, long after he knew of the alleged misrepresentations, the tender back offer was untimely and the ratification defense should be sustained. This Court agreed and directed the entry of summary judgment for defendants.

On appeal, the Second Circuit vacated and remanded this Court's decision for further analysis of the issue of ratification in accordance with its opinion. Its opinion addressed only the issue of Brown's ratification of the Release by failure to timely tender back the consideration and found that:

> [w]hile a lengthy passage of time may be a significant factor, it is not necessarily controlling. The District Court determined, without further analysis, that the period of two years and five months between the time Brown became aware of the alleged misrepresentations (at the conclusion of FEMA's second investigation) and the tender back of the consideration (during the litigation) was a sufficient basis for a finding of ratification. It seems to us that a more detailed analysis of the situation is warranted in this case.

Id. at 345-46.

## DISCUSSION

A motion for summary judgment is properly granted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lipton v. Nature Co., 71 F.3d 464, 469 (2d Cir. 1995). The burden is on the moving party to demonstrate there are no material facts genuinely in dispute. See Weinstock v. Columbia Univ., 224 F.3d 41 (2d Cir. 2000). In deciding a motion for summary judgment, the court must view the facts and all the inferences to be drawn therefrom in the light most favorable to the party opposing the motion.

Howley v. Town of Stratford, 217 F.3d 141, 150-51 (2d Cir. 2000).

"Credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997). Summary judgment is mandated, however, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

I.   RELEASE OF ALL CLAIMS

Defendants argue plaintiff's failure to timely tender back the consideration received in exchange for signing the release amounts to ratification of the release. "Avoiding a contract of release on the ground of fraudulent misrepresentation [] requires not only manifestation of an intention to avoid the release within a reasonable time after discovery of the fraud but also return of any consideration received by the releasor within a reasonable time." Brown, 393 F.3d at 345 (citing 66 Am. Jur. Release 2d § 46 (2001)).

> According to the Restatement, the determination of what constitutes a reasonable time is informed by the following factors:

6

>    (a) the extent to which the delay enabled or might have enabled the party with the power of avoidance to speculate at the other party's risk;
>
>    (b) the extent to which the delay resulted or might have resulted in justifiable reliance by the other party or by third persons;
>
>    (c) the extent to which the ground for avoidance was the result of any fault by either party; and
>
>    (d) the extent to which the other party's conduct contributed to the delay.

Id. at 345 (citing Restatement (Second) of Contracts § 381(3)).

"The validity of a release is a particularly fact-sensitive inquiry." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437-38 (2d Cir. 1988). Furthermore, "[w]hether the return was timely is ordinarily a question of fact." Id. (quoting 66 Am. Jur. 2d Release § 46 & n.2).

Although the Second Circuit found there to be consideration, it has instructed this Court to examine the reasonableness of Brown's delay in tendering back the consideration, as well as "'the extent to which [his] delay was or was likely to be prejudicial' to Defendants." Id. at 347 (quoting Restatement (Second) of Contracts § 381 cmt. a (1981)). In determining prejudice vel non, the Second Circuit instructed this Court to examine:

>    [w]hether there was reliance, or the likelihood of reliance, on the Release on the part of Defendants; whether the reliance was justifiable and, in this

>      regard, whether Defendants knew of the grounds that
>      Brown would advance for avoiding the Release;
>      whether Defendants actually were at fault in
>      inducing the execution of the Release by Brown; and
>      whether Brown was at fault in not acting sooner to
>      disaffirm and return the consideration . . . .

Id.

These determinations are matters for the jury, not the Court on a motion for summary judgment.  See Fischl, 128 F.3d at 55.  Therefore, defendants' motion for summary judgment as to release of all claims is DENIED.

II.   MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Because the Second Circuit and this Court have only addressed the issues of ratification, tender and release, the Court will now consider the remaining recommendations posited by the Magistrate Judge.  The Magistrate Judge's First R&R recommends defendants' motion for summary judgment as to all claims (Paper 23) be GRANTED in part and DENIED in part, defendants Hafter and O'Neil's motion for summary judgment (Paper 25) be GRANTED, and plaintiff's motion for summary judgment (Paper 29) be DENIED.

A district judge must make a de novo determination of any portion of the report and recommendation of a magistrate judge to which specific written objection has been made.  See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  The court is not required to conduct a de novo hearing on the matter,

but the court must arrive at its own independent conclusion about those portions of the report to which objection is made.  See United States v. Longo, 70 F. Supp. 2d 225, 237 (W.D.N.Y. 1999).  The judge may then accept, reject, or modify, in whole or in part, the magistrate judge's proposed findings and recommendations.  See 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the Court AFFIRMS, APPROVES and ADOPTS in part, and REJECTS in part, the Magistrate Judge's Report and Recommendation.

    A.    <u>Defendants Hafter And O'Neil's Motion For Summary Judgment As To All Claims Alleged In Their Individual Capacities</u>

Defendants Hafter and O'Neil seek summary judgment as to all claims against them in their individual capacities.  The Court AFFIRMS, APPROVES and ADOPTS the Magistrate Judge's R&R regarding the state law claim and the retaliatory discharge claim under the Federal Claims Act ("FCA") against defendants Hafter and O'Neil.  See Mag. Judge's R&R, Paper 55, Sec. B.1 and B.2.  Defendants Hafter and O'Neil's motion for summary judgment is GRANTED to the extent plaintiff claims violations of the FCA and of state law.  The state law claim and the retaliatory discharge claim under the FCA are DISMISSED as to defendants Hafter and O'Neil.

Plaintiff argues that qualified immunity does not protect defendants Hafter and O'Neil from liability under 42

U.S.C. § 1983. "A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998).

"Where specific intent of a defendant is an element of plaintiff's claim under clearly established law, and plaintiff has adduced sufficient evidence of that intent to defeat summary judgment, summary judgment on qualified immunity grounds is inappropriate." Mandell v. County of Suffolk, 316 F.3d 368, 385 (2d Cir. 2003); see also Locurto v. Safir, 264 F.3d 154, 169-70 (2d Cir. 2001); Sheppard v. Beerman, 94 F.3d 823, 828 (2d Cir. 1996). Because retaliatory intent is an element of plaintiff's First Amendment claim, defendants' motivation in discharging plaintiff is a triable issue of fact. Mandell, 316 F.3d at 385. "Until that issue is resolved by a factfinder, therefore, the retaliation claim against defendant[s] [] cannot be dismissed on qualified immunity grounds." Id.

To the extent plaintiff claims violations of his First Amendment rights pursuant to 42 U.S.C. § 1983, the Court REJECTS that portion of the Magistrate Judge's R&R recommending the Court grant defendants Hafter and O'Neil's motion for summary judgment. The motion is DENIED.

B.  <u>Defendants' Motion for Summary Judgment As To All Claims</u>

Defendants additionally seek summary judgment as to all claims as an alternative to this Court finding plaintiff has failed to timely tender back the consideration and has released all his claims.  The Magistrate Judge recommended the granting of summary judgment to defendants with regard to the plaintiff's First Amendment claim and denial of summary judgment to defendants with regard to plaintiff's FCA claims and state law claims.

1.  <u>Violation of Plaintiff's First Amendment Rights</u>

To survive summary judgment, "[a] public employee who seeks to recover on the ground that he has been disciplined because of the exercise of First Amendment rights must establish, as an initial matter, that his speech may be fairly characterized as constituting speech on a matter of public concern, and that the speech was at least a substantial or motivating factor in the adverse action taken by the employer." <u>Heil v. Santoro</u>, 147 F.3d 103, 109 (2d Cir. 1998) (internal quotation marks omitted).

Whether an employee's speech addresses a matter of public concern is a question of law.  <u>See</u> <u>Lewis</u>, 165 F.3d at 163.  "In reaching this decision, the court should focus on the motive of the speaker and attempt to determine whether

the speech was calculated to redress personal grievances or whether it had a broader public purpose." Id. at 163-64. The public fisc is often considered a matter of public concern. See id. at 164. The Court agrees with the Magistrate Judge's Report and Recommendation that Brown's speech addressed a matter of public concern. See Lewis v. Cowen, 165 F.3d 154, 163 (2d Cir. 1999).

This does not end the Court's inquiry, however, for "if the speech addresses a matter of public concern, a court then balances the interests of the employer in providing 'effective and efficient' public services against the employee's First Amendment right to free expression." Id. at 162 (internal citations omitted); see also Heil, 147 F.3d at 109-110. As the Magistrate Judge properly found, "a public employee's freedom of speech is not absolute, for the government has a legitimate interest in 'promoting the efficiency of the public services it performs through its employees.'" Heil, 147 F.3d at 109 (quoting Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968)) (internal citations omitted). "As sovereign, a State's ability to regulate speech is severely limited by the First Amendment, which protects the free and open discourse concerning public affairs that is the essence of self-government. Yet, as an employer charged with providing such essential services as

public safety and education, the Constitution provides a State with greater leeway to control employees' speech that threatens to undermine its ability to perform its legitimate functions."  Lewis v. Cowen, 165 F.3d 154, 161 (2d Cir. 1999).

There are a number of factors courts should consider in balancing these competing interests, including, "whether the statement sought to be protected 'impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships . . . or impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise.'"  Lewis, 165 F.3d at 162 (quoting Rankin v. McPherson, 483 U.S. 378, 388 (1987)).

"Under the balancing test, the governmental employer may defeat the claim by demonstrating that it "reasonably believed that the speech would potentially interfere with or disrupt the government's activities, and can persuade the court that the potential disruptiveness was sufficient to outweigh the First Amendment value of that speech."  Pappas v. Giuliani, 290 F.3d 143, 145-46 (2d Cir. 2002)(internal citations omitted).  "Substantial weight is accorded the government employer's prediction that given speech has the potential for disruptiveness, but its prediction must be reasonable."  Heil, 147 F.3d at 109-110.

"[A]lthough the Pickering test presents a question of law, resolution of a First Amendment retaliation claim on a motion for summary judgment may not be possible if the plaintiff introduces sufficient evidence to create a genuine issue of material fact on the question of defendant's improper intent, which is a question of fact." Locurto v. Safir, 264 F.3d 154, 167 (2d Cir. 2001).

Although defendants have documented the potential for disruptiveness, plaintiff has created a genuine issue of material fact with regard to defendants' intent in terminating plaintiff, and cannot be resolved on summary judgment.  Therefore, the Magistrate Judge's R&R recommending the Court grant defendants' motion for summary judgment as to plaintiff's First Amendment claim is REJECTED.  The motion is DENIED.

### 2.   Violation of the False Claims Act

The Magistrate Judge's R&R recommending denial of defendants' motion for summary judgment as to the claim under the FCA is AFFIRMED, APPROVED, and ADOPTED. See Paper 55 at Sec. C.2.

### 3.   Violation of Vermont Public Policy

The Magistrate Judge's R&R recommending denial of defendants' motion for summary judgment as to plaintiff's

state law claim is AFFIRMED, APPROVED, and ADOPTED.  See Paper 55 at Sec. C.3.

  C. <u>Plaintiff's Motion For Summary Judgment</u>

  The Magistrate Judge's R&R recommending denial of plaintiff's motion for partial summary judgment is AFFIRMED, APPROVED, and ADOPTED.  It must be MODIFIED, however, to delete the reference that plaintiff's letter fails the <u>Pickering</u> balancing test, <u>see</u> Paper 55 at Sec. D, p. 36, because this Court finds there is a disputed material fact with regard to defendant's intent in firing plaintiff that cannot be resolved upon a motion for summary judgment.  Plaintiff's motion for partial summary judgment is DENIED.

<u>CONCLUSION</u>

  For the reasons stated herein, it is hereby ORDERED as follows:

  1. Defendants' motion as to release of all claims (Paper 27) is DENIED.

  2. The Magistrate Judge's R&R filed April 7, 2003 (Paper 55) is AFFIRMED, APPROVED and ADOPTED in part and REJECTED in part as follows:

    (a) Defendants Hafter and O'Neil's motion for summary judgment (Paper 25) is GRANTED in part and DENIED in part.  Plaintiff's state law claim and retaliatory discharge claim under the Federal Claims Act are DISMISSED as to

15

defendants Hafter and O'Neil.  The motion as it relates to plaintiff's First Amendment claim under 42 U.S.C. § 1983 is DENIED.

       (b)   Defendants' motion for summary judgment as to all claims (Paper 23) is DENIED.

       (c)   Plaintiff's motion for partial summary judgment (Paper 29) is DENIED.

3.   Plaintiff's motion for a hearing (Paper 79) is DENIED as moot.

All remaining issues will be tried by a jury.  This case will be placed on the first court trial calendar after October 1, 2005.

SO ORDERED.

Dated at Brattleboro, Vermont, this 18th day of August, 2005.

                                  /s/ J. Garvan Murtha
                                  J. Garvan Murtha
                                  United States District Judge