```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF VERMONT
```

LEON A. BROWN,                         :
     Plaintiff,                        :
                                       :
     v.                                :    Civil No. 1:01-CV-318
                                       :
CITY OF SOUTH BURLINGTON and           :
CHARLES HAFTER, individually and       :
as City Manager, City of South         :
Burlington, and MICHAEL O'NEIL,        :
individually and as Chief Engineer,    :
City of South Burlington,              :
     Defendants.                       :
_____:

## RULING ON MOTIONS IN LIMINE
(Papers 111 and 112)

Both parties have filed motions in limine and responses in opposition. (Papers 111, 112, 122, 123, 124) Upon consideration of the requests and responses, the Court makes the following rulings, in the order presented by the parties.

Plaintiff's first request, unopposed by Defendants, to set procedures to determine reinstatement or front pay and related concerns, is granted. If Plaintiff prevails on his claims of retaliation under federal law, the Court will consider the alternative equitable remedies of reinstatement or front pay. See 31 U.S.C. § 3730(h) (relief under the False Claims Act includes reinstatement[1]); Franks v. Bowman Transp. Co., Inc., 424

---

[1] "[R]elief shall include reinstatement. . ., 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees." 31 U.S.C. § 3730(h).

1

U.S. 747, 763-64 (1976) (noting that reinstatement is an equitable remedy for the court's determination); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 728 (2nd Cir. 1984) (same); Hammond v. Northland Counseling Center, Inc., 218 F.3d 886 (8th Cir. 2000) (denying equitable remedy of reinstatement in False Claims Act case).  In light of these alternative remedies, the Court will limit testimony at trial to past damages, and consider front-pay damages by separate hearing should the Court decline to order reinstatement.  Additionally, the Court grants Plaintiff's request to apply the Bornstein method of calculating the effect of mitigation under the False Claims Act.  United States v. Bornstein, 423 U.S. 303, 314, n.10 (1976) (providing for doubling "damages," not doubling "uncompensated damages," such that any mitigation of damages is deducted after doubling lost pay and benefits).  Finally, the Court will inform the jury that the award, including any emotional distress damages, is fully taxable.  26 U.S.C.A. § 104(a)(2); Brooks v. United States, 276 F. Supp. 2d 653, 663 (E.D. Ky. 2003) (holding that taxpayer's award was not excludable from income as damages received on account of physical sickness or injury).

Plaintiff's second request, to exclude lay opinion testimony regarding the disruptive potential of Brown's letter where not factually separated from retaliation, is reserved for judgment until the Court hears evidence at trial.  Such testimony may be

relevant only to Defendants' state of mind or knowledge at the time of Brown's termination.

Plaintiff's third request, to exclude medical evidence related to Brown's ankle injury, is denied to the extent that medical testimony may be admissible for the Defendants. Defendants seek to show that Brown could not work as a firefighter due to his ankle injury in August 1998, which was prior to his termination in March 1999, such that he would have resigned anyway, thereby limiting damages. (Paper 122) Plaintiff responds that Dr. Bucksbaum's testimony is inadmissible under <u>Daubert</u>. (Paper 124) At this point, the Court notes that Dr. Bucksbaum has testified in numerous cases, and Plaintiff is free to renew his request at trial.

Plaintiff's fourth request, to admit into evidence Plaintiff's Statement of Undisputed Facts (Papers 30 and 32), previously unanswered by Defendants, is denied. The Statement was submitted for the purposes of summary judgment, not for trial.

Plaintiff's fifth request, to exclude Defendant O'Neil's February 16, 1999 memorandum to Defendant Hafter regarding Brown's letter and effect thereof, as a non-business record containing hearsay, is denied. Contents of the memorandum deemed to be hearsay, however, must be redacted.

Plaintiff's sixth request, to require all witnesses to wear civilian clothing, is denied.

Plaintiff's seventh request, to allow attorneys to use laptop computers in the courtroom, and printers and cell phones in witness rooms, is granted in part and denied in part.  The parties may use laptops in the courtroom and witness rooms, and may use cell phones and printers in the witness rooms only.

Defendants' first request, to bar evidence or assertions characterizing Defendants' conduct as "illegal" or "fraudulent," is denied.  The Court will refrain from any such references, but Defendants' request as it pertains to the Plaintiff or his counsel is denied.

Defendants' second request, to generally limit irrelevant and/or unduly prejudicial witness testimony, is reserved for judgment until the Court hears the testimony at trial.

Defendants' third request, to specifically limit the testimony of firefighters purportedly disagreeing with the conclusion that Brown's letter had a disruptive effect, is reserved for judgment until the Court hears the testimony at trial.  See ruling above on Plaintiff's second request. Moreover, Defendants' reliance solely on the Court's statement[2] in its August 18, 2005 Ruling and Order (Paper 80) regarding

---

[2] "Although defendants have documented the potential for disruptiveness, plaintiff has created a genuine issue of material fact with regard to defendants' intent in terminating plaintiff, and cannot be resolved on summary judgment." (Paper 80 at 14)

potential disruptiveness of portions the letter unrelated to meal reimbursement is misplaced.

Defendants' fourth request, to limit testimony regarding investigation of the meal reimbursements subsequent to Brown's termination, is denied to the extent such testimony may be relevant to the parties' intent or state of knowledge at the time of the incidents, or to release and/or ratification.

Defendants' fifth request, to limit statements that Plaintiff was terminated because he was a whistleblower or because meal reimbursements did not match meals served, is denied.  Plaintiff is free to characterize his suit as he wishes, so long as he is able to prove his assertions.

For the reasons set forth above, Plaintiff's Motion in Limine is GRANTED in part and DENIED in part.  Defendants' Motion in Limine is also GRANTED in part and DENIED in part.  Where indicated, the Court reserves judgment until it hears the evidence at trial.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 22nd day of November, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge